## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| **DAVID BISHOP**, | * | |
| | * | |
| Plaintiff, | * | |
| | * | No. 2:19-CV-02127 |
| v. | * | |
| | * | JURY DEMAND |
| **LG ELECTRONICS USA, INC.,** | * | |
| **VGOD, INC., and NEW AGE** | * | |
| **INVESTMENTS OF CORDOVA LLC** | * | |
| **d/b/a CREATE A CIG CORDOVA**, | * | |
| | * | |
| Defendant. | * | |

## ANSWER OF DEFENDANT VGOD, INC.

COMES NOW the Defendant, VGOD, Inc. ("VGOD"), to submit its Answer to Plaintiff's First Amended Complaint ("Complaint") as follows:

## FIRST DEFENSE

For the specifically enumerated paragraphs of Plaintiff's Complaint, VGOD states as follows:

## PARTIES, JURISDICTION, AND VENUE

1.      VGOD is without sufficient information to admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.      The allegations contained in paragraph 2 of Plaintiff's Complaint are denied as pled.

3.      VGOD is without sufficient information to admit or deny the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      VGOD is without sufficient information to admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.     VGOD is without sufficient information to admit or deny the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.     VGOD is without sufficient information to admit or deny the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.     VGOD is without sufficient information to admit or deny the allegations contained in paragraph 7 of Plaintiff's Complaint.

8.     VGOD is without sufficient information to admit or deny the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.     VGOD is without sufficient information to admit or deny the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.    VGOD is without sufficient information to admit or deny the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.    VGOD admits that it is a corporation organized under the laws of California with its principal place of business located and California and that its registered agent for purposes of service of process is Waleed Aloteibi.  All other allegations contained in paragraph 11 of Plaintiff's Complaint are denied.

12.    VGOD admits that it designs, distributes, and sells vaping devices and products. All other allegations contained in paragraph 12 of Plaintiff's Complaint are denied.

13.    The website referenced in paragraph 13 of Plaintiff's Complaint speaks for itself. To the extent there are allegations asserted against VGOD in paragraph 13 of Plaintiff's Complaint, VGOD denies the allegations contained therein.

14.    The website referenced in paragraph 14 of Plaintiff's Complaint speaks for itself. To the extent there are allegations asserted against VGOD in paragraph 14 of Plaintiff's Complaint,

VGod denies the allegations contained therein.

15. The website referenced in paragraph 15 of Plaintiff's Complaint speaks for itself. To the extent there are allegations asserted against VGOD in paragraph 15 of Plaintiff's Complaint, VGOD denies the allegations contained therein.

16. VGOD admits that its products are distributed, sold, and marketed in Tennessee. All other allegations contained in paragraph 16 of Plaintiff's Complaint are denied.

17. The allegations contained in paragraph 17 of Plaintiff's Complaint are denied as pled.

18. The allegations contained in paragraph 18 of Plaintiff's Complaint are denied.

19. The allegations contained in paragraph 19 of Plaintiff's Complaint are denied as pled.

20. VGOD is without sufficient information to admit or deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. VGOD is without sufficient information to admit or deny the allegations contained in paragraph 21 of Plaintiff's Complaint.

22. VGOD is without sufficient information to admit or deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. VGOD is without sufficient information to admit or deny the allegations contained in paragraph 23 of Plaintiff's Complaint.

24. VGOD is without sufficient information to admit or deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

25. VGOD is without sufficient information to admit or deny the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     VGOD is without sufficient information to admit or deny the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     VGOD admits that Shelby County, Tennessee is the proper venue for this action. All other allegations contained in paragraph 27 of Plaintiff's Complaint are denied.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

28.     The allegations contained in paragraph 28 of Plaintiff's Complaint are denied as pled.

29.     The allegations contained in paragraph 29 of Plaintiff's Complaint are denied as pled.

30.     The 2005 NASA report quoted in paragraph 30 of Plaintiff's Complaint, entitled "Safety Evaluation of Two Commercial Lithium-Ion Batteries for Space Applications," speaks for itself.  To the extent there are allegations asserted against VGOD in paragraph 30 of Plaintiff's Complaint, VGOD denies the allegations contained therein.

31.     The 2017 U.S. Fire Administration report quoted in in paragraph 31 of Plaintiff's Complaint, entitled "Electronic Cigarette Fires and Explosions in the United States 2009-2016," speaks for itself.  To the extent there are allegations asserted against VGOD in paragraph 31 of Plaintiff's Complaint, VGOD denies the allegations contained therein.

32.     The 2017 U.S. Fire Administration report quoted in in paragraph 32 of Plaintiff's Complaint, entitled "Electronic Cigarette Fires and Explosions in the United States 2009-2016," speaks for itself.  To the extent there are allegations asserted against VGOD in paragraph 32 of Plaintiff's Complaint, VGOD denies the allegations contained therein.

33.     The 2017 U.S. Fire Administration report quoted in in paragraph 33 of Plaintiff's Complaint, entitled "Electronic Cigarette Fires and Explosions in the United States 2009-2016,"

speaks for itself. To the extent there are allegations asserted against VGOD in paragraph 33 of Plaintiff's Complaint, VGOD denies the allegations contained therein.

34. The 2017 U.S. Fire Administration report quoted in in paragraph 34 of Plaintiff's Complaint, entitled "Electronic Cigarette Fires and Explosions in the United States 2009-2016," speaks for itself. To the extent there are allegations asserted against VGOD in paragraph 34 of Plaintiff's Complaint, VGOD denies the allegations contained therein.

35. The 2017 U.S. Fire Administration report quoted in in paragraph 35 of Plaintiff's Complaint, entitled "Electronic Cigarette Fires and Explosions in the United States 2009-2016," speaks for itself. To the extent there are allegations asserted against VGOD in paragraph 35 of Plaintiff's Complaint, VGOD denies the allegations contained therein.

36. The 2017 U.S. Fire Administration report quoted in in paragraph 36 of Plaintiff's Complaint, entitled "Electronic Cigarette Fires and Explosions in the United States 2009-2016," speaks for itself. To the extent there are allegations asserted against VGOD in paragraph 36 of Plaintiff's Complaint, VGOD denies the allegations contained therein.

37. The allegations contained in paragraph 37 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 37 of Plaintiff's Complaint, those allegations are denied.

38. The allegations contained in paragraph 38 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 38 of Plaintiff's Complaint, those allegations are denied.

39. The allegations contained in paragraph 39 of Plaintiff's Complaint are not directed

at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 39 of Plaintiff's Complaint, those allegations are denied.

40.     The allegations contained in paragraph 40 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 40 of Plaintiff's Complaint, those allegations are denied.

41.     The allegations contained in paragraph 41 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 41 of Plaintiff's Complaint, those allegations are denied.

42.     The allegations contained in paragraph 42 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 42 of Plaintiff's Complaint, those allegations are denied.

43.     The allegations contained in paragraph 43 of Plaintiff's Complaint are denied as pled.

44.     The allegations contained in paragraph 44 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 44 of Plaintiff's Complaint, those allegations are denied.

45.     The allegations contained in paragraph 45 of Plaintiff's Complain are denied.

46.     The allegations contained in paragraph 46 of Plaintiff's Complaint are not directed

at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 46 of Plaintiff's Complaint, those allegations are denied.

47.    VGOD is without sufficient information to admit or deny the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.    VGOD is without sufficient information to admit or deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.    The allegations contained in paragraph 49 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 49 of Plaintiff's Complaint, those allegations are denied.

50.    The allegations contained in paragraph 50 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 50 of Plaintiff's Complaint, those allegations are denied.

51.    The allegations contained in paragraph 51 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 51 of Plaintiff's Complaint, those allegations are denied.

52.    VGOD is without sufficient information to admit or deny the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.    VGOD is without sufficient information to admit or deny the allegations contained in paragraph 53 of Plaintiff's Complaint.

54. The allegations contained in paragraph 54 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 54 of Plaintiff's Complaint, those allegations are denied.

55. It is admitted that the VGOD Pro Mech 2 kit and LG 18650, 3,000 mAh 3.7 volt batteries described in paragraph 55 of Plaintiff's Complaint are both "[p]roduct[s]" within the meaning of *Tenn. Code Ann.* § 29-28-102(5). All other allegations contained in paragraph 55 of Plaintiff's Complaint are denied as pled.

56. The allegations contained in paragraph 56 of Plaintiff's Complaint are denied as pled.

57. The allegations contained in paragraph 57 of Plaintiff's Complaint are denied as pled.

58. The allegations contained in paragraph 58 of Plaintiff's Complaint are denied as pled.

59. The allegations contained in paragraph 59 of Plaintiff's Complaint are denied as pled.

60. The allegations contained in paragraph 60 of Plaintiff's Complaint are denied as pled.

61. The allegations contained in paragraph 61 of Plaintiff's Complaint are denied as pled.

62. The allegations contained in paragraph 62 of Plaintiff's Complaint are denied as pled.

63. The allegations contained in paragraph 63 of Plaintiff's Complaint are denied as

pled.

64.     The allegations contained in paragraph 64 of Plaintiff's Complaint are denied as pled.

**COUNT I – STRICT LIABILITY**
**DEFENDANT LG**
**The Subject Battery**

65.     VGOD restates and incorporates by reference herein all admissions, explanations, and denials set forth above in paragraphs 1 through 64 of Plaintiff's Complaint and any affirmative defenses raised therein.

66.     The allegations contained in paragraph 66 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 66 of Plaintiff's Complaint, those allegations are denied.

67.     The allegations contained in paragraph 67 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 67 of Plaintiff's Complaint, those allegations are denied.

68.     The allegations contained in paragraph 68 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 68 of Plaintiff's Complaint, those allegations are denied.

69.     The allegations contained in paragraph 69 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 69 of Plaintiff's Complaint, those allegations are

denied.

70.     The allegations contained in paragraph 70 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 70 of Plaintiff's Complaint, those allegations are denied.

71.     The allegations contained in paragraph 71 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 71 of Plaintiff's Complaint, those allegations are denied.

72.     The allegations contained in paragraph 72 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 72 of Plaintiff's Complaint, those allegations are denied.

73.     The allegations contained in paragraph 73 and subparagraphs 73(a)-(c) of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 73 and subparagraphs 73(a)-(c) of Plaintiff's Complaint, those allegations are denied.

74.     The allegations contained in paragraph 74 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 74 of Plaintiff's Complaint, those allegations are denied.

75.     The allegations contained in paragraph 75 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are

allegations asserted against VGOD in paragraph 75 of Plaintiff's Complaint, those allegations are denied.

76.     The allegations contained in paragraph 76 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 76 of Plaintiff's Complaint, those allegations are denied.

77.     The allegations contained in paragraph 77 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 77 of Plaintiff's Complaint, those allegations are denied.

78.     The allegations contained in paragraph 78 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 78 of Plaintiff's Complaint, those allegations are denied.

79.     The allegations contained in paragraph 79 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 79 of Plaintiff's Complaint, those allegations are denied.

80.     The allegations contained in paragraph 80 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 80 of Plaintiff's Complaint, those allegations are denied.

81.     The allegations contained in paragraph 81 of Plaintiff's Complaint are not directed

at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 81 of Plaintiff's Complaint, those allegations are denied.

82. The allegations contained in paragraph 82 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 82 of Plaintiff's Complaint, those allegations are denied.

## COUNT II – NEGLIGENCE
### Defendant LG
### The Subject Battery

83. VGOD restates and incorporates by reference herein all admissions, explanations, and denials set forth above in paragraphs 1 through 82 of Plaintiff's Complaint and any affirmative defenses raised therein.

84. The allegations contained in paragraph 84 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 84 of Plaintiff's Complaint, those allegations are denied.

85. The allegations contained in paragraph 85 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 85 of Plaintiff's Complaint, those allegations are denied.

86. The allegations contained in paragraph 86 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 86 of Plaintiff's Complaint, those allegations are denied.

87.     The allegations contained in paragraph 87 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 87 of Plaintiff's Complaint, those allegations are denied.

88.     The allegations contained in paragraph 88 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 88 of Plaintiff's Complaint, those allegations are denied.

89.     The allegations contained in paragraph 89 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 89 of Plaintiff's Complaint, those allegations are denied.

90.     The allegations contained in paragraph 90 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 90 of Plaintiff's Complaint, those allegations are denied.

91.     The allegations contained in paragraph 91 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 91 of Plaintiff's Complaint, those allegations are denied.

92.     The allegations contained in paragraph 92 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 92 of Plaintiff's Complaint, those allegations are

denied.

93.     The allegations contained in paragraph 93 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 93 of Plaintiff's Complaint, those allegations are denied.

94.     The allegations contained in paragraph 94 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 94 of Plaintiff's Complaint, those allegations are denied.

95.     The allegations contained in paragraph 95 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 95 of Plaintiff's Complaint, those allegations are denied.

96.     The allegations contained in paragraph 96 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 96 of Plaintiff's Complaint, those allegations are denied.

97.     The allegations contained in paragraph 97 and subparagraphs 97(a)-(d) of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 97 and subparagraphs 97(a)-(d) of Plaintiff's Complaint, those allegations are denied.

98.     The allegations contained in paragraph 98 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are

allegations asserted against VGOD in paragraph 98 of Plaintiff's Complaint, those allegations are denied.

99.     The allegations contained in paragraph 99 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 99 of Plaintiff's Complaint, those allegations are denied.

## COUNT III – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Defendant LG
### The Subject Battery

100.     VGOD restates and incorporates by reference herein all admissions, explanations, and denials set forth above in paragraphs 1 through 99 and any affirmative defenses raised therein.

101.     The allegations contained in paragraph 101 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 101 of Plaintiff's Complaint, those allegations are denied.

102.     The allegations contained in paragraph 102 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 102 of Plaintiff's Complaint, those allegations are denied.

103.     The allegations contained in paragraph 103 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 103 of Plaintiff's Complaint, those allegations are denied.

104.     The allegations contained in paragraph 104 of Plaintiff's Complaint are not directed

at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 104 of Plaintiff's Complaint, those allegations are denied.

105.     The allegations contained in paragraph 105 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 105 of Plaintiff's Complaint, those allegations are denied.

106.     The allegations contained in paragraph 106 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 106 of Plaintiff's Complaint, those allegations are denied.

107.     The allegations contained in paragraph 107 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 107 of Plaintiff's Complaint, those allegations are denied.

108.     The allegations contained in paragraph 108 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 108 of Plaintiff's Complaint, those allegations are denied.

109.     The allegations contained in paragraph 109 and subparagraphs 109(a)-(d) of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 109 and subparagraphs 109(a)-(d) of Plaintiff's Complaint, those allegations are denied.

110.     The allegations contained in paragraph 110 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 110 of Plaintiff's Complaint, those allegations are denied.

111.     The allegations contained in paragraph 111 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 111 of Plaintiff's Complaint, those allegations are denied.

## COUNT IV – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT
### Defendant LG
### The Subject Battery

112.     VGOD restates and incorporates by reference herein all admissions, explanations, and denials set forth above in paragraphs 1 through 111 and any affirmative defenses raised therein.

113.     The allegations contained in paragraph 113 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 113 of Plaintiff's Complaint, those allegations are denied.

114.     The allegations contained in paragraph 114 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 114 of Plaintiff's Complaint, those allegations are denied.

115.     The allegations contained in paragraph 115 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 115 of Plaintiff's Complaint, those allegations are

denied.

116.     The allegations contained in paragraph 116 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 116 of Plaintiff's Complaint, those allegations are denied.

117.     The allegations contained in paragraph 117 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 117 of Plaintiff's Complaint, those allegations are denied.

118.     The allegations contained in paragraph 118 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 118 of Plaintiff's Complaint, those allegations are denied.

119.     The allegations contained in paragraph 119 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 119 of Plaintiff's Complaint, those allegations are denied.

120.     The allegations contained in paragraph 120 of Plaintiff's Complaint are not directed against VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 120 of Plaintiff's Complaint, those allegations are denied.

121.     The allegations contained in paragraph 121 of Plaintiff's Complaint are not directed against VGOD and no response is therefore required from this Defendant.  To the extent there are

allegations asserted against VGOD in paragraph 121 of Plaintiff's Complaint, those allegations are denied.

122.     The allegations contained in paragraph 122 of Plaintiff's Complaint are not directed against VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 122 of Plaintiff's Complaint, those allegations are denied.

## COUNTY V – STRICT LIABILITY
### Defendant VGOD, Inc.
### The Subject E-Cigarette

123.     VGOD restates and incorporates by reference herein all admissions, explanations, and denials set forth above in paragraphs 1 through 122 and any affirmative defenses raised therein.

124.     The allegations contained in paragraph 124 of Plaintiff's Complaint are denied as pled.

125.     The allegations contained in paragraph 125 of Plaintiff's Complaint are denied.

126.     The allegations contained in paragraph 126 of Plaintiff's Complaint are denied.

127.     The allegations contained in paragraph 127 of Plaintiff's Complaint are denied.

128.     The allegations contained in paragraph 128 and subparagraphs 128(a)-(d) of Plaintiff's Complaint are denied.

129.     The allegations contained in paragraph 129 of Plaintiff's Complaint are denied.

130.     The allegations contained in paragraph 130 of Plaintiff's Complaint are denied.

131.     The allegations contained in paragraph 131 of Plaintiff's Complaint are denied.

132.     The allegations contained in paragraph 132 of Plaintiff's Complaint are denied.

133.     The allegations contained in paragraph 133 of Plaintiff's Complaint are denied.

134.     The allegations contained in paragraph 134 of Plaintiff's Complaint are denied.

135.     The allegations contained in paragraph 135 of Plaintiff's Complaint are denied.

136.     The allegations contained in paragraph 136 of Plaintiff's Complaint are denied.

137.     The allegations contained in paragraph 137 of Plaintiff's Complaint are denied.

**COUNT VI – NEGLIGENCE**
**Defendant VGOD, Inc.**
**The Subject E-Cigarette**

138.     VGOD restates and incorporates all admissions, explanations, and denials set forth above in paragraphs 1 through 137 and any affirmative defenses raised therein.

139.     The allegations contained in paragraph 139 of Plaintiff's Complaint are denied as pled.

140.     The allegations contained in paragraph 140 of Plaintiff's Complaint are denied.

141.     The allegations contained in paragraph 141 of Plaintiff's Complaint are denied.

142.     The allegations contained in paragraph 142 of Plaintiff's Complaint are denied.

143.     The allegations contained in paragraph 143 of Plaintiff's Complaint are denied as pled.

144.     The allegations contained in paragraph 144 of Plaintiff's Complaint are denied.

145.     The allegations contained in paragraph 145 of Plaintiff's Complaint are denied as pled.

146.     The allegations contained in paragraph 146 of Plaintiff's Complaint are denied.

147.     The allegations contained in paragraph 147 of Plaintiff's Complaint are denied.

148.     The allegations contained in paragraph 148 and subparagraphs 148(a)-(d) of Plaintiff's Complaint are denied.

149.     The allegations contained in paragraph 149 of Plaintiff's Complaint are denied.

150.     The allegations contained in paragraph 150 of Plaintiff's Complaint are denied.

## COUNT VII – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Defendant VGOD, Inc.
### The Subject E-Cigarette

151.    VGOD restates and incorporates by reference all admissions, explanations, and denials set forth above in paragraphs 1 through 150 and any affirmative defenses raised therein.

152.    It is admitted that the VGOD Pro Mech 2 kit described in Plaintiff's Complaint is a "good" within the meaning of *Tenn. Code Ann.* § 47-2-105(1).  All other allegations contained in paragraph 152 of Plaintiff's Complaint are denied as pled.

153.    The allegations contained in paragraph 153 of Plaintiff's Complaint are denied as pled.

154.    The allegations contained in paragraph 154 of Plaintiff's Complaint are denied as pled.

155.    The allegations contained in paragraph 155 of Plaintiff's Complaint are denied as pled.

156.    The allegations contained in paragraph 156 of Plaintiff's Complaint are denied.

157.    The allegations contained in paragraph 157 and subparagraphs 157(a)-(d) of Plaintiff's Complaint are denied.

158.    The allegations contained in paragraph 158 of Plaintiff's Complaint are denied.

159.    The allegations contained in paragraph 159 of Plaintiff's Complaint are denied.

## COUNT VIII – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT
### Defendant VGOD, Inc.
### The Subject E-Cigarette

160.    VGOD restates and incorporates by reference all admissions, explanations, and denials set forth above in paragraphs 1 through 159 and any affirmative defenses raised therein.

161.    It is admitted that Plaintiff David Bishop was a consumer as defined by *Tenn. Code*

*Ann.* § 47-18-103(2). All other allegations contained in paragraph 161 of Plaintiff's Complaint are denied as pled.

162. It is admitted that the VGOD Pro Mech 2 kit described in Plaintiff's Complaint is a "good" within the meaning of *Tenn. Code Ann.* 47-18-103(7). All other allegations contained in paragraph 162 of Plaintiff's Complaint are denied as pled.

163. The allegations contained in paragraph 163 of Plaintiff's Complaint are denied.

164. The allegations contained in paragraph 164 of Plaintiff's Complaint are denied.

165. The allegations contained in paragraph 165 of Plaintiff's Complaint are denied.

166. The allegations contained in paragraph 166 of Plaintiff's Complaint are denied.

167. The allegations contained in paragraph 167 of Plaintiff's Complaint are denied.

168. The allegations contained in paragraph 168 of Plaintiff's Complaint are denied.

169. The allegations contained in paragraph 169 of Plaintiff's Complaint are denied.

### COUNT IX – STRICT LIABILITY
**Defendant Create A Cig Cordova**
**The Subject Battery**

170. VGOD restates and incorporates by reference herein all admissions, explanations, and denials set forth above in paragraphs 1 through 169 and any affirmative defenses raised therein.

171. The allegations contained in paragraph 171 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 171 of Plaintiff's Complaint, those allegations are denied.

172. The allegations contained in paragraph 172 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 172 of Plaintiff's Complaint, those allegations are

denied.

173.     The allegations contained in paragraph 173 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 173 of Plaintiff's Complaint, those allegations are denied.

174.     The allegations contained in paragraph 174 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 174 of Plaintiff's Complaint, those allegations are denied.

175.     The allegations contained in paragraph 175 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 175 of Plaintiff's Complaint, those allegations are denied.

176.     The allegations contained in paragraph 176 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 176 of Plaintiff's Complaint, those allegations are denied.

177.     The allegations contained in paragraph 177 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 177 of Plaintiff's Complaint, those allegations are denied.

178.     The allegations contained in paragraph 178 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are

allegations asserted against VGOD in paragraph 178 of Plaintiff's Complaint, those allegations are denied.

179. The allegations contained in paragraph 179 and subparagraphs 179(a)-(c) of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 179 and subparagraphs 179(a)-(c) of Plaintiff's Complaint, those allegations are denied.

180. The allegations contained in paragraph 180 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 180 of Plaintiff's Complaint, those allegations are denied.

181. The allegations contained in paragraph 181 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 181 of Plaintiff's Complaint, those allegations are denied.

182. The allegations contained in paragraph 182 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 182 of Plaintiff's Complaint, those allegations are denied.

183. The allegations contained in paragraph 183 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 183 of Plaintiff's Complaint, those allegations are denied.

184. The allegations contained in paragraph 184 of Plaintiff's Complaint are not directed

at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 184 of Plaintiff's Complaint, those allegations are denied.

185. The allegations contained in paragraph 185 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 185 of Plaintiff's Complaint, those allegations are denied.

186. The allegations contained in paragraph 186 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 186 of Plaintiff's Complaint, those allegations are denied.

187. The allegations contained in paragraph 187 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 187 of Plaintiff's Complaint, those allegations are denied.

188. The allegations contained in paragraph 188 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 188 of Plaintiff's Complaint, those allegations are denied.

## COUNT X – NEGLIGENCE
### Defendant Create A Cig Cordova
### The Subject Battery

189. VGOD restates and incorporates by reference herein all admissions, explanations, and denials set forth above in paragraphs 1 through 188 and any affirmative defenses raised therein.

190.     The allegations contained in paragraph 190 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 190 of Plaintiff's Complaint, those allegations are denied.

191.     The allegations contained in paragraph 191 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 191 of Plaintiff's Complaint, those allegations are denied.

192.     The allegations contained in paragraph 192 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 192 of Plaintiff's Complaint, those allegations are denied.

193.     The allegations contained in paragraph 193 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 193 of Plaintiff's Complaint, those allegations are denied.

194.     The allegations contained in paragraph 194 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 194 of Plaintiff's Complaint, those allegations are denied.

195.     The allegations contained in paragraph 195 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 195 of Plaintiff's Complaint, those allegations are

denied.

196.     The allegations contained in paragraph 196 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 196 of Plaintiff's Complaint, those allegations are denied.

197.     The allegations contained in paragraph 197 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 197 of Plaintiff's Complaint, those allegations are denied.

198.     The allegations contained in paragraph 198 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 198 of Plaintiff's Complaint, those allegations are denied.

199.     The allegations contained in paragraph 199 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 199 of Plaintiff's Complaint, those allegations are denied.

200.     The allegations contained in paragraph 200 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 200 of Plaintiff's Complaint, those allegations are denied.

201.     The allegations contained in paragraph 201 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are

allegations asserted against VGOD in paragraph 201 of Plaintiff's Complaint, those allegations are denied.

202.    The allegations contained in paragraph 202 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 202 of Plaintiff's Complaint, those allegations are denied.

203.    The allegations contained in paragraph 203 and subparagraphs 203(a)-(d) of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 203 and subparagraphs 203(a)-(d) of Plaintiff's Complaint, those allegations are denied.

204.    The allegations contained in paragraph 204 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 204 of Plaintiff's Complaint, those allegations are denied.

205.    The allegations contained in paragraph 205 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 205 of Plaintiff's Complaint, those allegations are denied.

## COUNT XI – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### Defendant Create A Cig Cordova
### The Subject Battery and the Subject E-Cigarette

206.    VGOD restates and incorporates by reference herein all admissions, explanations, and denials set forth above in paragraphs 1 through 205 and any affirmative defenses raised therein.

207.    The allegations contained in paragraph 207 of Plaintiff's Complaint are not directed

at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 207 of Plaintiff's Complaint, those allegations are denied.

208. The allegations contained in paragraph 208 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 208 of Plaintiff's Complaint, those allegations are denied.

209. The allegations contained in paragraph 209 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 209 of Plaintiff's Complaint, those allegations are denied.

210. The allegations contained in paragraph 210 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 210 of Plaintiff's Complaint, those allegations are denied.

211. The allegations contained in paragraph 211 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 211 of Plaintiff's Complaint, those allegations are denied.

212. The allegations contained in paragraph 212 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant. To the extent there are allegations asserted against VGOD in paragraph 212 of Plaintiff's Complaint, those allegations are denied.

213.    The allegations contained in paragraph 213 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 213 of Plaintiff's Complaint, those allegations are denied.

214.    The allegations contained in paragraph 214 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 214 of Plaintiff's Complaint, those allegations are denied.

215.    The allegations contained in paragraph 215 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 215 of Plaintiff's Complaint, those allegations are denied.

216.    The allegations contained in paragraph 216 and subparagraphs 216(a)-(d) of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 216 and subparagraphs 216(a)-(d) of Plaintiff's Complaint, those allegations are denied.

217.    The allegations contained in paragraph 217 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 217 of Plaintiff's Complaint, those allegations are denied.

218.    The allegations contained in paragraph 218 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 218 of Plaintiff's Complaint, those allegations are

denied.

**COUNT XII – VIOLATION OF TENNESSEE CONSUMER PROTECTION ACT**
**Defendant Create A Cig Cordova**
**The Subject Battery and The Subject E-Cigarette**

219.     VGOD restates and incorporates by reference herein all admissions, explanations, and denials set forth above in paragraphs 1 through 218 and any affirmative defenses raised therein.

220.     The allegations contained in paragraph 220 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 220 of Plaintiff's Complaint, those allegations are denied.

221.     The allegations contained in paragraph 221 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 221 of Plaintiff's Complaint, those allegations are denied.

222.     The allegations contained in paragraph 222 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 222 of Plaintiff's Complaint, those allegations are denied.

223.     The allegations contained in paragraph 223 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 223 of Plaintiff's Complaint, those allegations are denied.

224.     The allegations contained in paragraph 224 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are

allegations asserted against VGOD in paragraph 224 of Plaintiff's Complaint, those allegations are denied.

225.     The allegations contained in paragraph 225 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 225 of Plaintiff's Complaint, those allegations are denied.

226.     The allegations contained in paragraph 226 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 226 of Plaintiff's Complaint, those allegations are denied.

227.     The allegations contained in paragraph 227 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 227 of Plaintiff's Complaint, those allegations are denied.

228.     The allegations contained in paragraph 228 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 228 of Plaintiff's Complaint, those allegations are denied.

229.     The allegations contained in paragraph 229 of Plaintiff's Complaint are not directed at VGOD and no response is therefore required from this Defendant.  To the extent there are allegations asserted against VGOD in paragraph 229 of Plaintiff's Complaint, those allegations are denied.

## **SECOND DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

## THIRD DEFENSE

VGOD pleads and relies upon all applicable provisions and defenses of the Tennessee Product Liability Act, which is codified at *Tenn. Code Ann.* §§ 29-28-101 *et seq.*

## FOURTH DEFENSE

VGOD did not manufacture the vaporizer/e-cigarette described in Plaintiff's Complaint.

## FIFTH DEFENSE

Plaintiff has failed to mitigate any damages he may have incurred.

## SIXTH DEFENSE

Plaintiff's alleged damages were caused, in whole or in part, by the acts of third parties not under VGOD's control and for which VGOD is in no way responsible or liable.

## SEVENTH DEFENSE

VGOD avers that it was in compliance with all federal laws and administrative regulations existing at the time the subject product was manufactured and distributed. VGOD relies upon *Tenn. Code Ann.* § 29-28-104 and avers that it complies with all standards for design, inspection, testing, manufacturing, labeling, warning, or instructing for the use of the vaporizer/e-cigarette described in Plaintiff's Complaint and that such compliance raises a rebuttable presumption that the product was not, and is not, unreasonably dangerous or defective.

## EIGHTH DEFENSE

Plaintiff so carelessly and negligently conducted himself that he, by his own negligence, contributed directly and proximately to his own injuries. Plaintiff's fault is greater than that of

VGOD's, if it is at fault at all, and therefore he should recover nothing from VGOD. In the alternative, Plaintiff's recovery should be reduced in proportion to the percentage of negligence attributable to him under the doctrine of comparative fault.

## NINTH DEFENSE

Plaintiff's own comparative negligence in failing to exercise due care by reasonably assembling and/or using the vaporizer/e-cigarette and/or battery described in his Complaint caused or otherwise contributed to his alleged injuries and bars him from recovery in this case.

## TENTH DEFENSE

Pleading further and in the alternative, VGOD is not aware of any negligence by any of the co-defendants which proximately caused any damages to Plaintiff. However, pursuant to the *Federal Rules of Civil Procedure*, VGOD is restrained to state that if, and only if, the allegations that Plaintiff outlined in the Complaint against any of the co-defendants are demonstrated to be true by admissible evidence, VGOD pleads and relies upon the doctrine of comparative fault as to any such co-defendant.

## ELEVENTH DEFENSE

Pending further investigation and to preserve this defense, VGOD relies upon the doctrine of modified comparative fault. The fault, if any, of the currently unknown manufacturer and/or designer of the charger used on the lithium ion batteries described in Plaintiff's Complaint, the unknown manufacturer and/or designer of any additional parts used in the vaporizer described in Plaintiff's Complaint, and any unknown distributors of the vaporizer and the LG lithium ion batteries described in Plaintiff's Complaint should be allocated against them by the trier of fact in this cause. Those manufacturers, designers, and distributors are at greater fault than VGOD, if VGOD is at fault at all, and accordingly Plaintiff should recover nothing from VGOD. In the

alternative, Plaintiff's recovery from VGOD should be reduced in proportion to the percentage of negligence attributed to those manufacturer, designers, and distributors.

## TWELFTH DEFENSE

VGOD did not breach any duty owed to Plaintiff. VGOD exercised due care and diligence in all of the matters alleged.

## THIRTEENTH DEFENSE

No act or omission of VGOD's was the proximate cause of any damage, injury, or loss to Plaintiff.

## FOURTEENTH DEFENSE

VGOD denies that its product had any inherent design defect, but if there existed any inherent design defects with respect to the product, such defect could not have been effectively eliminated without rendering the product incapable of reasonable use.

## FIFTEENTH DEFENSE

VGOD pleads that the design, manufacture, warnings, and instructions for the VGOD Pro Mech 2 kit described in Plaintiff's Complaint conformed to the state of the art at the time the product was designed, manufactured, and distributed according to the generally recognized and prevailing standards in existence at the time and, the state of scientific and technological knowledge at the time of that product's design, manufacture, and distribution of the product did not reasonably permit VGOD to know about, or to take steps to alleviate, the alleged risk Plaintiff alleges, assuming such risk ever existed.

## SIXTEENTH DEFENSE

The noneconomic damages Plaintiff requests are capped pursuant to *Tenn. Code Ann.* § 29-39-102.

## SEVENTEENTH DEFENSE

VGOD denies that Plaintiff is entitled to any punitive or exemplary damages she requested. Moreover, Plaintiff's claim for punitive damages is in contravention of the rights of Defendant under the United States Constitution and the Constitution of the State of Tennessee. In any event, Defendant requests a bifurcation of the issues of compensatory and punitive damages pursuant to *Tenn. Code Ann.* § 29-39-104(a)(2).

## EIGHTEENTH DEFENSE

VGOD asserts that any punitive damages awarded to Plaintiff by the trier of fact are capped pursuant to *Tenn. Code Ann.* § 29-39-104(a)(5).

## NINETEENTH DEFENSE

Plaintiff's request for both punitive and treble damages is subject to and limited by the election of remedies doctrine.

## TWENTIETH DEFENSE

VGOD pleads and relies upon all provisions of and defenses available to it under the Uniform Commercial Code, codified at *Tenn. Code Ann.* § 47-1-101 *et seq.*

## TWENTY FIRST DEFENSE

VGOD pleads and relies upon all provisions of and defenses available to it under the Tennessee Consumer Protection Act, codified at *Tenn. Code Ann.* § 47-18-101 *et seq.*

## TWENTY SECOND DEFENSE

Plaintiff's state law claims are preempted in whole or in part by applicable federal law.

## TWENTY THIRD DEFENSE

VGOD reserves the right to amend its Answer to include such other and further defenses that later may become apparent through further investigation and discovery.

## TWENTY FOURTH DEFENSE

All allegations not heretofore admitted, explained or denied are here and now denied as set forth as though specifically denied therein.

**WHEREFORE**, having answered Plaintiff's Complaint, Defendant respectfully prays for the following relief from this Honorable Court:

1.   That Plaintiff's claims be denied and dismissed with prejudice;

2.   That the case be tried before a jury; and

3.   For such other and further relief as this Honorable Court deems just and proper.

Respectfully submitted,

**CARR ALLISON**

BY:   Sean W. Martin_____
**SEAN W. MARTIN, BPR #020870**
Attorney for Defendant VGOD, Inc.
651 E. 4th St., Suite 100
Chattanooga, TN 37403
(423) 648-9832 / (423) 648-9869
swmartin@carrallison.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 28, 2019, I electronically filed the **ANSWER OF DEFENDANT VGOD, INC.** with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the attorneys of record identified below that have already appeared in this matter:

David W. Will, Esq.
Jason Yasinsky, Esq.
Nahon, Saharovich & Trotz, PLC
488 South Mendenhall Road
Memphis, TN 38117

David Brose, Esq.
Langdon & Emison, LLC
911 Main Street
P.O. Box 220
Lexington, MO 64067

Barret S. Albritton, Esq.
William J. Reider, Esq.
Spears, Moore, Rebman
& Williams, P.C.
601 Market Street, Suite 400
Chattanooga, TN 37402

P. Michael Freed, Esq.
Marcus T. Strong, Esq.
Lewis Brisbois Bisgaard
& Smith
1180 Peachtree Street, NE, Suite 2900
Atlanta, GA 30309

Albert G. McLean, Esq.
Spicer, Rudstrom, PLLC
119 S. Main Street, Suite 700
Memphis, TN 38103

BY: __Sean W. Martin_____
   **SEAN W. MARTIN, BPR #020870**