UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| DAVID BISHOP, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | )   CASE NO. 2:19-cv-02127 |
| | ) |
| LG ELECTRONICS USA, INC..; | ) |
| VGOD, INC.; and NEW AGE | ) |
| INVESTMENTS OF CORDOVA LLC | ) |
| d/b/a/ CREATE A CIG CORDOVA | ) |
| | ) |
|     Defendants. | ) |

**DEFENDANT LG ELECTRONICS U.S.A., INC.'S
MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant LG Electronics U.S.A., Inc. ("LGEUS") files this Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6).  In support of its Motion, LGEUS respectfully shows the Court as follows:

**I.      INTRODUCTION**

Defendant LGEUS does not possess the necessary contacts with the State of Tennessee to justify the Court's exercise of personal jurisdiction over it in this case. First, LGEUS is not subject to general jurisdiction in Tennessee.  LGEUS is a Delaware corporation with its principal place of business in New Jersey,  and it does not otherwise have the type of continuous and systemic contacts with Tennessee to be "at home" here.

Second, specific jurisdiction does not apply to LGEUS because Plaintiff's allegations do not arise out of or relate to any activity by LGEUS in this forum state. Plaintiff acknowledges in the Complaint that LGEUS did not manufacture the subject battery cell.  LGEUS does not and has not

ever conducted any business with Defendants VGOD, Inc. or New Age Investments of Cordova LLC. LGEUS did not sell the subject battery cell in the forum state.

The assertion of personal jurisdiction over LGEUS would therefore offend traditional notions of fair play and substantial justice. For these reasons, the Court should dismiss Plaintiff's claims against LGEUS.

## I. RELEVANT FACTS

Plaintiff David Bishop is an individual residing in Cordova, Tennessee. (*See* Exhibit A, Plaintiff's Complaint ¶1). Plaintiff alleges that on May 31, 2018, the battery he used for his electronic cigarette exploded while it was in his "VGOD Pro Mech 2" e-cigarette, resulting in an explosion in close proximity to his face. (*Id*, at ¶2). Plaintiff does not allege any other specific allegations about the batteries.

Plaintiff filed this lawsuit on January 21, 2019, alleging several causes of action against LGEUS and the other named defendants. Plaintiff's claims against LGEUS include: (1) Negligence; (2) Strict Liability pursuant to S.C. Code Ann. §15-73-10; (3) Breach of Implied Warranty of Merchantability; and (4) Violation of the Tennessee Consumer Protection Act. Plaintiff seeks to recover damages for his medical expenses, lost wages, mental anguish and emotional distress, and pain and suffering, as well as punitive and treble damages. Plaintiff acknowledges that LGEUS did not manufacture the subject battery cell, and that its allegations against LGEUS are predicated on LGEUS being a "seller" of the subject battery cell. (*Id*, at ¶85).

LGEUS is a corporation incorporated in Delaware with its principal place of business in New Jersey. (*See* Exhibit B, Affidavit of Carolyn McNerney, at ¶4). LGEUS manufactures, sells, and distributes home appliances, entertainment products, and mobile communications products in the

United States. (*Id*, at ¶5). In 2017, LGEUS generated only 0.92% of its total revenue in Tennessee. (*Id*, at ¶10).

LGEUS runs a manufacturing plant in Clarksville, Tennessee, but only for the purpose of producing consumer appliances. (*Id*, at ¶6). LGEUS does not currently own this property, but will acquire ownership after successful implementation of the facility or earlier if it exercises a purchase option per an agreement with the State. (*Id*). LGEUS employs 1,384 employees throughout the United States, and of those, only approximately 483 employees work in Tennessee. (*Id*, at ¶9). Further, LGEUS has never conducted any business with any Tennessee entity involving e-cigarette or vaping device products, including VGOD, Inc. or New Age Investments of Cordova, LLC. (*Id*, at ¶12).

Accordingly, LGEUS did not sell any of the subject battery cells to such entities. (*Id*). LGEUS has not designed, tested, manufactured, assembled, promoted, marketed, warned, supplied, imported, sold, delivered, or distributed any 18650 lithium-ion battery cells, including in the State of Tennessee. (*Id*, at ¶11).

## I. ARGUMENT AND CITATION TO AUTHORITY

### A. Applicable Legal Standards

Whether this Court may exercise personal jurisdiction over a non-resident defendant such as LGEUS requires a two-step analysis.  Similar to most other states, Tennessee has a long arm statute that extends the personal jurisdiction of the Tennessee courts over a defendant, but the Due Process Clause of the Fourteenth Amendment sets the limits of the State's power to impose jurisdiction. The Court must first determine whether the Tennessee long-arm statute applies; the Court must then evaluate whether LGEUS's contacts in Tennessee are sufficient to satisfy due process. *Chenault v. Walker*, 36 S.W.4d 45, 53 (Tenn. 2001).

Because Tennessee treats its long-arm statute as coextensive with the due process clause, the sole question becomes whether the exercise of personal jurisdiction would violate due process. *State v. NV Sumatra Tobacco Trading Co.*, 403 S.W.3d 726, 741 (Tenn. S. Ct. 2013). To make that determination, the Court must ask whether the defendant has certain minimum contacts with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Courts employ this two-part test in exercise of the principle that a defendant must have fair warning that a particular activity may subject it to the jurisdiction of a foreign sovereign. *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985).

Courts may determine that a defendant possesses minimum contacts with a forum state where a defendant's contacts establish either "general" or "specific" jurisdiction. In Tennessee, the personal jurisdiction analysis differs depending on whether general or specific jurisdiction is alleged. *First Cmty. Bank, N.A. v. First Tenn. Bank*, 489 S.W.3d 369, 385-88 (Tenn. 2015). Under either a specific or general jurisdiction analysis, however, the critical question with regard to the nonresident defendant's contacts is whether the defendant should reasonably anticipate being haled into court in the forum state. *Burger King*, 471 U.S. 462, 473 (1985).

Plaintiff, as the party seeking to invoke personal jurisdiction over a nonresident defendant, bears the burden of proving the existence of personal jurisdiction. *Chenault*, 36 S.W.4d 45, at 56. At the pretrial stage, the burden of proving personal jurisdiction over a nonresident is met by a prima facie showing of jurisdiction. *Id*. A prima facie showing can be made through factual allegations in the complaint or through affidavits that establish a basis for the court to assert jurisdiction over an out-of-state-defendant. *First Cmty. Bank*, 489 S.W.3d 369, at 382.

"The trial court is not required to make findings of fact with regard to a Tenn. R. Civ. P. 12.02(2) motion. Rather the trial court's responsibility is to determine whether the plaintiff has alleged or presented sufficient facts to survive the motion to dismiss." *Gordon v. Greenview Hosp., Inc.*, 300 S.W.3d 635, 644 (Tenn. 2009). Where a defendant supports its motion by filing its own affidavits, the plaintiff must establish its prima facie showing by filing its own affidavits or other written evidence. *Chenault*, at 56.

As demonstrated below, Plaintiff fails to allege sufficient evidence to demonstrate minimum contacts between LGEUS and Tennessee. This Court has neither general nor specific jurisdiction over LGEUS, and should dismiss LGEUS from this lawsuit.

### A. This Court Lacks General Personal Jurisdiction Over LGEUS

In Tennessee, the Code section governing general jurisdiction states: "A court may exercise personal jurisdiction over: (1) a person domiciled in, organized under the laws of, or maintaining his or its principal place of business in, the state as to any claim for relief." Tenn. Code. Ann. §20-2-222. A court may assert general jurisdiction over a nonresident defendant without violating the requirements of the Due Process Clause where the defendant maintains "continuous and systematic contacts" with the foreign state. *Gordon*, 300 S.W.3d at 647. The defendant's contacts must be "continuous and systematic" and be so substantial and of such a nature to justify suit against the defendant on causes of action that may arise from dealings entirely different from those activities." *First Comty. Bank*, 489 S.W.3d at 386.

The United States Supreme Court has also held that courts have general jurisdiction over a foreign corporation only if the corporation's connections to the forum state "are so 'continuous and systematic' to render [it] essentially at home in the foreign State." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011). The paradigm circumstance for exercising

personal jurisdiction is when the corporate defendant is incorporated or has its principal place of business in the forum state, making them essentially at home in the forum state. *Daimler AG v. Bauman*, 134 S.Ct. 746, 759 (2014); *Goodyear*, at 924. A corporation's "continuous activity of some sorts within a state is [generally] not enough to support the demand that the corporation be amenable to suits unrelated to that activity." *International Shoe*, 326 U.S. at 318. Even regularly occurring sales of a product in a State do not justify the exercise of jurisdiction over a claim unrelated to those sales. *Goodyear*, 564 U.S. 915, 930 n. 6.

In *Goodyear*, two boys from North Carolina died in a bus accident that occurred in France, and their parents filed suit in North Carolina. The plaintiffs alleged negligence in the design, construction, testing, and the inspection of one of the bus's tires, which was manufactured in Turkey. The nonresident corporate defendants were incorporated in Turkey, Luxembourg, and France, and manufactured tires primarily for sale in the European and Asian markets, but a small percentage of their tires were distributed in North Carolina by other affiliates. The North Carolina state court relied on defendants' placement of their tires in the "stream of commerce" to justify the exercise of general jurisdiction. The United States Supreme Court held that defendants' attenuated connections to North Carolina fell far short of the continuous and systematic business contacts necessary to empower North Carolina to entertain suit against them on claims unrelated to anything that connected them to the state. *Id*, at 928. The court further held that the sporadic sales of defendants' tires in North Carolina through intermediaries were insufficient to warrant the assertion of general jurisdiction. *Id*.

More recently, the Supreme Court held that the State of Montana did not have general jurisdiction over a corporate defendant that was not incorporated or headquartered in the state, finding that its activity there was not "so substantial and of such a nature as to render the corporation at home in that State." *BNSF Railway Company v. Tyrell*, 137 S.Ct. 1549, 1558 (2017). In *Tyrell*, the

defendant railroad company, BNSF Railway Company, although doing business in Montana when the litigation commenced, was not incorporated in Montana nor did it maintain its principal place of business there. The BNSF had about 6% of its total track mileage in Montana, employed 2,100 workers there, generated less than 10% of its total revenue there, and maintained only one of its automotive facilities there. The Supreme Court found that was not so heavily engaged in activity in Montana as to render it essentially at home in that state. *Id*, at 11. The Supreme Court held that Montana had no personal jurisdiction over BNSF, explaining that the Fourteenth Amendment's Due Process Clause does not permit a State to hale an out-of-state corporation before its courts when the corporation is not "at home" in the State and the incident at issue occurred elsewhere. *Id*, at 2.

Similar to the above-cited cases, this Court does not have general jurisdiction over LGEUS. LGEUS is incorporated in Delaware and has its principal places of business in New Jersey, and therefore the paradigm bases for jurisdiction do not exist here. (*See* Exhibit B, at ¶4). This Court also does not have general jurisdiction over LGEUS based on the "exceptional case" exception in established in *Daimler*. 134 S. Ct. 746, at 761. In *Daimler*, the Supreme Court held open the possibility of asserting general jurisdiction over a foreign corporation that is neither incorporated or has its principal place of business in a State, where its operations are "so substantial and of such a nature to render the corporation at home in that State." *Id*. at fn. 19. Since that decision, however, federal courts have declined to assert general jurisdiction over foreign corporations where the paradigm bases are absent and where the defendant's contacts did not rise to the level of an "exceptional case." *Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 629 (2d. Cir. 2016) (finding Lockheed's business in Connecticut, 0.105% of total annual revenue and employees representing 0.05% of total workforce, not enough to establish general jurisdiction over Lockheed); *Minholz v. Lockheed Martin Corp.*, 227 F. Supp. 3d 249, 262 (N.D.N.Y. 2016) (finding Lockheed Martin's

5,000 employees and 3 office locations in New York when compared with its global operation insufficient to establish Lockheed Martin as "essentially at home" in New York); *Farber v. Tennant Truck Lines, Inc.*, 84 F. Supp. 3d 421, 432 (E.D. Penn. 2015) (holding that workers employed by defendant who live in Pennsylvania, the miles its workers drive in Pennsylvania, and revenue its workers generate from pick-ups and drop-offs in the state do not operate to render the defendant "at home" in Pennsylvania).

Neither the paradigm circumstances or exception case for jurisdiction exist here. While LGEUS has previously leased property in Tennessee and currently manages a production facility in the State, these connections to Tennessee are not so continuous and systematic to render it essentially "at home" in Tennessee. Similar to the defendant in *Tyrell*, LGEUS maintains only one of its production facilities in Tennessee, and last year only generated less than 1% of its total revenue in the State. *Tyrell*, at 11. LGEUS also employs 1,384 employees throughout the United States (*Id*, at ¶9). Of those, approximately 483 of those employees currently work in Tennessee and only 75 employees worked in Tennessee at the time of the incident, May 31, 2018. (*Id*, at ¶9).

Further, Plaintiff alleges the battery cell used in the e-cigarette or vaping device was a type of 18650 lithium-ion battery cell, and specifies that the subject battery is allegedly an LG 18650 (3.0 mAH). (*See* Exhibit A, at ¶49). LGEUS has never designed, tested, manufactured, assembled, promoted, marketed, warned, supplied, imported, sold, delivered, or distributed any 18650 lithium-ion battery cells in Tennessee (*See* Exhibit B, at ¶11). In sum, there are no wide-ranging business relationships, contacts, or activities between LGEUS and Tennessee.

As in *Goodyear* and *Tyrell*, LGEUS is not so heavily engaged in activity in Tennessee to render it essentially at home in the state. Therefore, this Court has no general personal jurisdiction over LGEUS. *See also Daimler*, 134 S.Ct. 746 (2014)(corporation's slim contacts with the state were

not so continuous and systematic as to render the corporation essentially at home in the state and subject to suit for conduct that did not occur in or impact the state); *Goodyear,* 564 U.S. at 918 (mere purchases made in the forum state, even if occurring at regular intervals, are not enough to warrant a State's assertion of general jurisdiction over a nonresident corporation in a cause of action not related to those purchase transactions); *Tyrell*, 81 U.S. 11-12 (in-state business does not suffice to permit the exercise of general jurisdiction over claims unrelated to activity in the forum state); ). Neither does LGEUS's existing contacts present an exceptional case for assertion of general jurisdiction over it. *PBM Capital Invs., LLC v. Gen. Elec. Co.*, 2016 U.S. Dist. LEXIS 96055, at *10. LGEUS never designed, tested, manufactured, assembled, promoted, marketed, warned, supplied, imported, sold, delivered, or distributed any LG 18650 battery cells in Tennessee. (*See* Exhibit B, at ¶11).

Based on the foregoing, there is no basis to conclude that LGEUS has "extensive and wide-ranging" or "substantial, systematic and continuous" contacts with Tennessee. This Court cannot exercise general jurisdiction over LGEUS.

### B. This Court Lacks Specific Personal Jurisdiction Over LGEUS

Since LGEUS does not meet the criteria for the exercise of general jurisdiction, Plaintiff must prove "specific" personal jurisdiction over LGEUS. Specific personal jurisdiction is present when the defendant's actions at issue in the case amount to sufficient minimum contacts to satisfy due process requirements. *Helicopteros Nacionales*, 466 U.S. at 414-15.

To evaluate sufficient minimum contacts, the Court must assess whether LGEUS "purposefully avail[ed] itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protection of its laws." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 475 (1985). While it is not necessary to show the defendant physically entered the forum state, a

plaintiff must demonstrate the defendant's contacts amount to "a deliberate targeting of the forum." *Id*.

The Supreme Court has repeatedly emphasized that actions of third parties not controlled by a nonresident are not sufficient to satisfy due process considerations unless the nonresident defendant also purposely avails himself of the privilege of conducting activities within the forum. *See World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 295-296 (1980); *Hanson v. Denckla*, 357 U.S. 235, 253 (1980). The key inquiry is not whether the defendant's associates have minimum contacts with the proposed forum, but whether there has been a sufficient showing of a deliberate connection between the defendant and the forum to make it fair to require the defendant to defend the action there. *Quill Corp. v. N. Dakota ex rel. Heitkamp*, 504 U.S. 298, 307-08 (1992).

Furthermore, the United States Supreme Court recently held that "[i]n order for a state court to exercise specific jurisdiction, the *suit* must arise out of or relate to the defendant's contacts with the *forum*." *Bristol-Myers Squibb Co. v. Superior Court*, 137 S.Ct. 1773, 1780 (U.S. 2017)(internal quotation marks omitted; emphasis in the original). "[S]pecific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Id* (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). In other words, contacts with the nonresident defendant must stem from the "defendant's own purposeful, deliberate actions directed toward the forum state." *First Cmty.*, 489 S.W.3d at 389.

This case does not arise or relate to any activity by LGEUS in Tennessee. Plaintiff alleges that he was injured by an explosion of the subject battery, but LGEUS has never conducted any business in Tennessee related to any 18650 lithium-ion battery cells. LGEUS has never sold the subject cell or any other 18650 battery cells. (*See* Exhibit B, at ¶11). Further, Plaintiff's jurisdictional

allegations against LGEUS boil down to a handful of untrue statements regarding LGEUS's conduct in the state. (Exhibit A, at ¶6-9, 69, 105-6).

There is no evidence that LGEUS entered into any transaction related to the subject battery cell in the State of Tennessee. LGEUS has never designed, tested, manufactured, assembled, promoted, marketed, warned, supplied, imported, sold, delivered, or distributed any batteries in Tennessee or to any Tennessee entity. (*See* Exhibit B, at ¶11).

Plaintiff cannot demonstrate a single purposeful action directed by LGEUS to Tennessee, and there is no evidence that LGEUS availed itself of the privilege of conducting activities in Tennessee or invoked the benefit and protection of Tennessee's laws or its courts. Therefore, specific jurisdiction does not apply to LGEUS.

## II.     CONCLUSION

For the foregoing reasons, LG Electronics U.S.A., Inc. respectfully requests that this Court dismiss Plaintiff's claims against it for negligence, strict liability, breach of implied warranty, and violation of the Tennessee Consumer Protection Act.

Respectfully submitted this 21st day of March 2019.

|  |  |
|---|---|
|  | **SPEARS, MOORE, REBMAN & WILLIAMS, P.C.** |
| 601 Market Street, Suite 400 | */s/  William J. Rieder* |
| Chattanooga, TN 37402 | William J. Rieder |
| 423.756.7000 (t) | BPR 26551 |
| 423.756.4801 (f) | *Counsel for LG ELECTRONICS U.S.A., INC.* |
| wjr@srmw.com |  |
| bsa@smrw.com |  |
| 1180 Peachtree Street, NE, Suite 2900 | **LEWIS BRISBOIS BISGAARD & SMITH, LLP** |
| Atlanta, GA 30309 |  |
| 404.348.8585 (t) | P. Michael Freed (*pro hac vice to be filed*) |
| 404.467.8845 (f) | Georgia Bar No.:  061128 |
| Michael.Freed@lewisbrisbois.com | Marcus T. Strong (*pro hac vice to be filed*) |
| Marcus.Strong@lewisbrisbois.com | Georgia Bar No.: 397186 |
|  | *Counsel for LG ELECTRONICS USA, INC.* |

4819-2197-8760.2

## **CERTIFICATE OF SERVICE**

The undersigned attorney hereby certifies that on March 21, 2019 a true and correct copy of the foregoing document was forwarded as follows:

| | | |
|---|---|---|
| ☐ | By U.S. Mail, postage pre-paid | David Brose, Esq. |
| | | Langdon & Emison |
| | | 911 Main Street |
| ☒ | By electronic means through the Court's ECF System | Lexington, MO  64067 |
| | | david@lelaw.com |
| ☐ | By U.S. Mail, postage pre-paid | David W. Hill, Esq. |
| | | Nahon, Saharovich & Trotz, PLC |
| | | 488 South Mendenhall Road |
| ☒ | By electronic means through the Court's ECF System | Memphis, TN  38117 |
| | | dhill@nstplc.com |
| ☐ | By U.S. Mail, postage pre-paid | Albert G. McLean, Esq. |
| | | Spicer, Rudstrom, PLLC |
| | | 119 S. Main Street, Suite 700 |
| ☒ | By electronic means through the Court's ECF System | Memphis, TN  38103 |
| | | amclean@spicerfirm.com |

**SPEARS, MOORE, REBMAN & WILLIAMS, P.C.**

*/s/  William J. Rieder*
William J. Rieder
BPR 26551
Barret S. Albritton
BPR 022655

*Counsel for Defendant LG Electronics U.S.A., Inc.*

4819-2197-8760.2