## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

DAVID BISHOP,                )
                                 )
       Plaintiff,          )
                                 )
v.                              )
                               )   Case No. 2:19-cv-02127
LG CHEM AMERICA, INC.;     )
VGOD, INC.; NEW AGE        )
INVESTMENTS OF CORDOVA LLC )
d/b/a/ CREATE A CIG CORDOVA; )
LA VAPOR, INC.; and         )
VAPOR BEAST LLC,        )
                               )
       Defendants.      )

## <u>PLAINTIFF'S FIRST INTERROGATORIES TO LG CHEM AMERICA, INC.</u>

COMES NOW LG Chem America, Inc. (hereinafter "Defendant" or LGCAI"), Defendant in the above-captioned civil action, and, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby responds to Plaintiff's First Interrogatories, stating as follows:

## <u>RESPONSES TO INTERROGATORIES</u>

1.     Please identify every incident, including the name of the person injured and date and location of the injury, in which a Subject Battery or Similar Battery has exploded and allegedly injured someone.

**<u>ANSWER:</u>** LGCAI objects to the phrase "Similar Battery" as vague and ambiguous because "similar" is not sufficiently defined.  LGCAI further objects to this request to the extent it calls for information protected by the attorney-client privilege or the work-product doctrine.  LGCAI further objects to this request because it lacks foundation and assumes facts not in evidence.  LGCAI further objects to this request to the extent it seeks information about incidents that are not substantially similar to the incident allegedly at issue in this case.  LGCAI further objects to this request to the



extent that it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that is overly broad, unduly burdensome, not reasonably limited in time.  LGCAI further objects to the request to the extent it is overly broad and unduly burdensome by not being geographically limited in scope to the State of Tennessee and encompassing information about lithium-ion cells different from the specific product alleged to be at issue in this case.  Additionally, LGCAI t objects to the extent that the request seeks information that is both irrelevant and out of the scope to whether the Court has personal jurisdiction over LGCAI.  LGCAI objects to the extent that Plaintiff has not shown that the requested discovery is likely to produce evidence of LGCAI's jurisdictionally relevant contacts.

Subject to and without waiving its objections, LGCAI responds as follows: LGCAI did not manufacture, design, distribute, or sell the product allegedly in question.  LGCAI contends that it is not a proper party to the suit.

2.     Please indicate whether, prior to the Subject Incident, any tests or inspections were conducted on the Subject Battery stating the person(s) and/or entities who conducted such test(s), and the date of the test(s) or inspection.

**ANSWER:** LGCAI objects to this request because it lacks foundation and assumes facts not in evidence.  LGCAI further objects to this request on the grounds that it is vague and ambiguous.  LGCAI further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that is overly broad, unduly burdensome, not reasonably limited in time.  LGCAI further objects to the request to the extent it is overly broad and unduly burdensome by not being geographically limited in scope to the State of Tennessee and encompassing information about lithium-ion cells different from the specific product alleged to be at issue in this case.  Additionally, LGCAI objects to the extent that the request seeks information that

is both irrelevant and out of the scope to whether the Court has personal jurisdiction over LGCAI. LGCAI objects to the extent that Plaintiff has not shown that the requested discovery is likely to produce evidence of LGCAI's jurisdictionally relevant contacts.      Subject to and without waiving its objections, LGCAI responds as follows: LGCAI did not manufacture, design, distribute, or sell the product allegedly in question.  LGCAI contends that it is not a proper party to the suit.

3.      Please identify all lawsuits have been filed against LG and/or LG South Korea, including the name of the lawsuit and court it was filed in, for personal injury or damages resulting from the explosion of any Subject Battery or Similar Battery

**ANSWER:** LGCAI objects to this interrogatory to the extent it is directed to another entity, LG Chem, Ltd.  LGCAI further objects to the phrase "Similar Battery" as vague and ambiguous because "similar" is not sufficiently defined.  LGCAI further objects to this request to the extent it calls for information protected by the attorney-client privilege or the work-product doctrine.  LGCAI further objects to this request because it lacks foundation and assumes facts not in evidence.  LGCAI further  objects to this request to the extent it seeks information about incidents that are not substantially similar to the incident allegedly at issue in this case.  LGCAI further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that is overly broad, unduly burdensome, not reasonably limited in time. LGCAI further objects to the request to the extent it is overly broad and unduly burdensome by not being geographically limited in scope to the State of Tennessee and encompassing information about lithium-ion cells different from the specific product alleged to be at issue in this case.  Additionally, LGCAI objects to the extent that the request seeks information that is both irrelevant and out of the scope to whether the Court has personal jurisdiction over LGCAI.  LGCAI objects to the extent that

Plaintiff has not shown that the requested discovery is likely to produce evidence of LGCAI's jurisdictionally relevant contacts.

Subject to and without waiving its objections, LGCAI responds as follows: LGCAI did not manufacture, design, distribute, or sell the product allegedly in question.  LGCAI contends that it is not a proper party to the suit.

4.      Please identify each pamphlet, brochure, operational manual, safety instruction, direction, warning or other similar document which you provided, supplied or furnished in connection with the Subject Battery and any Similar Battery.

**ANSWER:** LGCAI objects to the phrase "Similar Battery" as vague and ambiguous because "similar" is not sufficiently defined.  LGCAI further objects to this request because it lacks foundation and assumes facts not in evidence.  LGCAI further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that is overly broad, unduly burdensome, not reasonably limited in time.  LGCAI further objects to the request to the extent it is overly broad and unduly burdensome by not being geographically limited in scope to the State of Tennessee and encompassing information about lithium-ion cells different from the specific product alleged to be at issue in this case.  Additionally, LGCAI objects to the extent that the request seeks information that is both irrelevant and out of the scope to whether the Court has personal jurisdiction over LGCAI.  LGCAI objects to the extent that Plaintiff has not shown that the requested discovery is likely to produce evidence of LGCAI's jurisdictionally relevant contacts.

Subject to and without waiving its objections, LGCAI responds as follows: LGCAI did not manufacture, design, distribute, or sell the product allegedly in question.  LGCAI contends that it is not a proper party to the suit.

5.      Please identify each governmental, industry or trade association which regulates the design, manufacture, marketing or distribution of the Subject Battery and any Similar Battery.

**ANSWER:** LGCAI objects to the phrase "Similar Battery" as vague and ambiguous because "similar" is not sufficiently defined.  LGCAI further objects to this request because it lacks foundation and assumes facts not in evidence. LGCAI further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that is overly broad, unduly burdensome, not reasonably limited in time.  LGCAI further objects to the request to the extent it is overly broad and unduly burdensome by not being geographically limited in scope to the State of Tennessee and encompassing information about lithium-ion cells different from the specific product alleged to be at issue in this case.  Additionally, LGCAI objects to the extent that the request seeks information that is both irrelevant and out of the scope to whether the Court has personal jurisdiction over LGCAI.  LGCAI objects to the extent that Plaintiff has not shown that the requested discovery is likely to produce evidence of LGCAI's jurisdictionally relevant contacts.

Subject to and without waiving its objections, LGCAI responds as follows: LGCAI did not manufacture, design, distribute, or sell the product allegedly in question.  LGCAI contends that it is not a proper party to the suit.

6.      Please identify all tests and/or failure mode and effects analyses ("FME analysis") of, including the person or entity that conducted the test and/or FME analysis and the date it was performed, done in the course of the design, development or manufacture on the Subject Battery and any Similar Battery.

**ANSWER:** LGCAI objects to the phrase "Similar Battery" as vague and ambiguous because "similar" is not sufficiently defined.  LGCAI further objects to this request because it lacks

foundation and assumes facts not in evidence.  LGCAI further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that is overly broad, unduly burdensome, not reasonably limited in time.  LGCAI further objects to the request to the extent it is overly broad and unduly burdensome by not being geographically limited in scope to the State of Tennessee and encompassing information about lithium-ion cells different from the specific product alleged to be at issue in this case.  Additionally, LGCAI objects to the extent that the request seeks information that is both irrelevant and out of the scope to whether the Court has personal jurisdiction over LGCAI.  LGCAI objects to the extent that Plaintiff has not shown that the requested discovery is likely to produce evidence of LGCAI's jurisdictionally relevant contacts.

Subject to and without waiving its objections, LGCAI responds as follows: LGCAI did not manufacture, design, distribute, or sell the product allegedly in question.  LGCAI contends that it is not a proper party to the suit.

7.      Identify each network drive, cloud drive, database, server, or other device for storage of electronic information of LG South Korea that LG has access to and the type of information stored therein.

**ANSWER:** LGCAI objects to this interrogatory to the extent it is directed to another entity, LG Chem, Ltd.  LGCAI further objects to this request because it lacks foundation and assumes facts not in evidence.    LGCAI further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that is overly broad, unduly burdensome, not reasonably limited in scope or time.  LGCAI further objects to the request to the extent it is overly broad and unduly burdensome by not being geographically limited in scope to information regarding the State of Tennessee, and encompassing information relating to lithium-

ion cells different from the specific product alleged to be at issue in this case. Additionally, LGCAI objects to the extent that the request seeks information that is both irrelevant and out of the scope to whether the Court has personal jurisdiction over LGCAI. LGCAI objects to the extent that Plaintiff has not shown that the requested discovery is likely to produce evidence of LGCAI's jurisdictionally relevant contacts.       Subject to and without waiving its, LGCAI responds as follows: LGCAI did not manufacture, design, distribute, or sell the product allegedly in question. LGCAI contends that it is not a proper party to the suit.

8.      Identify all shared bank accounts and/or financial accounts for LG and LG South Korea.

**ANSWER:** LGCAI objects to this interrogatory to the extent it is directed to another entity, LG Chem, Ltd. LGCAI further objects to this request because it lacks foundation and assumes facts not in evidence. LGCAI further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that is overly broad, unduly burdensome, not reasonably limited in scope or time. LGCAI further objects to the request to the extent it is overly broad and unduly burdensome by not being geographically limited in scope to information regarding the State of Tennessee, and encompassing information relating to lithium-ion cells different from the specific product alleged to be at issue in this case. Additionally, LGCAI objects to the extent that the request seeks information that is both irrelevant and out of the scope to whether the Court has personal jurisdiction over LGCAI. LGCAI objects to the extent that Plaintiff has not shown that the requested discovery is likely to produce evidence of LGCAI's jurisdictionally relevant contacts.

Subject to and without waiving its general or specific objections, LGCAI responds as follows: LGCAI did not manufacture, design, distribute, or sell the product allegedly in question. LGCAI contends that it is not a proper party to the suit.

**9.**     Identify, by model or product number, any and all Similar Batteries.

**ANSWER:** LGCAI objects to the phrase "Similar Batteries" as vague and ambiguous because "similar" is not sufficiently defined.  LGCAI further objects to this request because it lacks foundation and assumes facts not in evidence.  LGCAI further objects to this request to the extent that it is not reasonably calculated to lead to the discovery of admissible evidence and to the extent that is overly broad, unduly burdensome, not reasonably limited in time.  LGCAI further objects to the request to the extent it is overly broad and unduly burdensome by not being geographically limited in scope to information regarding the State of Tennessee, and encompassing information relating to lithium-ion cells different from the specific product alleged to be at issue in this case. Additionally, LGCAI objects to the extent that the request seeks information that is both irrelevant and out of the scope to whether the Court has personal jurisdiction over LGCAI.  LGCAI objects to the extent that Plaintiff has not shown that the requested discovery is likely to produce evidence of LGCAI's jurisdictionally relevant contacts.

Subject to and without waiving its objections, LGCAI responds as follows: LGCAI did not manufacture, design, distribute, or sell the product allegedly in question.  LGCAI contends that it is not a proper party to the suit.

Respectfully submitted this 27th day of November, 2019.

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

| | |
|---|---|
| 1180 Peachtree Street, NE, Suite 2900 | */s/  P. Michael Freed*_____ |
| Atlanta, GA 30309 | P. MICHAEL FREED (admitted *pro hac vice*) |
| 404.348.8585 (t) | Georgia Bar No.:  061128 |
| 404.467.8845 (f) | MARCUS T. STRONG (admitted *pro hac vice*) |
| Michael.Freed@lewisbrisbois.com | Georgia Bar No.: 397186 |
| Marcus.Strong@lewisbrisbois.com | *Counsel for LG Chem America, Inc.* |

601 Market Street, Suite 400
Chattanooga, TN 37402
423.756.7000 (t)
423.756.4801 (f)
wjr@srmw.com
bsa@smrw.com

**SPEARS, MOORE, REBMAN & WILLIAMS, P.C.**

WILLIAM J. RIEDER
BPR 26551
BARRET S. ALBRITTON
BPR 022655
*Counsel for LG Chem America, Inc.*

## CERTIFICATE OF SERVICE

The undersigned attorney hereby certifies that on November 27, 2019 a true and correct copy of the foregoing ***DEFENDANT LG CHEM AMERICA, INC.'S RESPONSES TO PLAINTIFF'S FIRST INTERROGATORIES*** was forwarded as follows:

| | |
|---|---|
| ☐ By U.S. Mail, postage pre-paid<br><br>☒ By electronic means through the Court's ECF System | David Brose, Esq.<br>Langdon & Emison<br>911 Main Street<br>Lexington, MO  64067<br>david@lelaw.com |
| ☐ By U.S. Mail, postage pre-paid<br><br>☒ By electronic means through the Court's ECF System | David W. Hill, Esq.<br>Nahon, Saharovich & Trotz, PLC<br>488 South Mendenhall Road<br>Memphis, TN  38117<br>dhill@nstplc.com |
| ☐ By U.S. Mail, postage pre-paid<br><br>☒ By electronic means through the Court's ECF System | Michael James Petherick<br>Sean William Martin<br>Carr Allison<br>651 East 4th Street, Suite 100<br>Chattanooga, TN 37403<br>mpetherick@carrallison.com<br>swmartin@carrallison.com |

| | |
|---|---|
| ☐   By U.S. Mail, postage pre-paid<br><br>☒   By electronic means through the<br>Court's ECF System | Zachary L. Gureasko<br>Hall Booth Smith, P.C.<br>Fifth Third Center<br>424 Church Street, Suite 2950<br>Nashville, TN 37219<br>zgureasko@hallboothsmith.com |

**LEWIS BRISBOIS BISGAARD & SMITH, LLP**

*/s/  P. Michael Freed*
P. MICHAEL FREED (admitted *pro hac vice*)
Georgia Bar No.:  061128
MARCUS T. STRONG (admitted *pro hac vice*)
Georgia Bar No.: 397186

*Counsel for LG Chem America, Inc.*